UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 22-08250-FMO (DFM) | Date: | January 3, 2023 |
|---|---|---|---|
| Title | Juan T. Tyler v. Luis Martinez | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

Petitioner Juan T. Tyler, a state prisoner, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Pursuant to a judgment of the Superior Court of California for Los Angeles County, Petitioner is serving a sentence of 19 years to life based on his conviction for second degree robbery (Cal. Penal Code § 211) and attempted murder (Cal. Penal Code §§ 664; 187(a)), with special allegations and enhancements (Cal. Penal Code §§ 1203.06(a)(1); 12022(a); 12022.5(a); 12022.7(a); 12022.53(b)-(d)). See id. at 2; Dkt. 1-1 at 12-13.[1]

Petitioner asserts five claims for habeas relief. See id. at 5-6. Specifically, he claims that (i) the prosecution failed to prove beyond a reasonable doubt that the shooter premeditated and deliberated an attempted murder; (ii) the trial court deprived Petitioner of due process and a fair trial by failing to instruct the jury with the lesser included offense of voluntary manslaughter; (iii) the prosecutor committed prejudicial misconduct during closing argument, and trial and appellate counsel rendered ineffective assistance by failing to raise the issue; (iv) the cumulative effect of the errors in grounds (i)-(iii) deprived Petitioner of due process and a fair trial; and (v) the trial court erred by failing to sua sponte instruct the jury on the affirmative defense of others. See id.

Petitioner raised ground (v) before the California Court of Appeal and in a Petition for Review to the California Supreme Court. See id. at 6-7. However, Petitioner confirms in the Petition that grounds (i)-(iv) have not yet been presented to the California Supreme

---

[1] Citations to page numbers refer to the CM/ECF pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Court; instead, these grounds are currently before the Los Angeles County Superior Court in a habeas petition filed on October 26, 2022. See id. at 3-4, 7.

Under 28 U.S.C. § 2254(b), federal habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). A claim has not been fairly presented unless the prisoner has described in the state-court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. See Stone v. City and County of San Francisco, 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). Petitioner has the burden of demonstrating he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

In Rhines v. Weber, the Supreme Court held that, in certain "limited circumstances," a district court may stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. 544 U.S. 269, 277 (2005). The prerequisites for obtaining a stay under Rhines while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." Id. at 277-78. The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745 F.3d at 982.

Alternatively, under the Ninth Circuit's decision in Kelly v. Small, the Court has discretion to permit a petitioner to withdraw his unexhausted claims and then stay the exhausted claims while the petitioner exhausts the unexhausted claims in state court. 315 F.3d 1063, 1070-71 (9th Cir. 2003). Under the Kelly procedure:

> (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). The newly-exhausted claims may only be re-attached to the original petition if the claims are timely or if they "relate back" to the exhausted claims. See id. at 1040-41. The Kelly procedure does not require that the petitioner show good cause for failure to exhaust state court remedies. See id. at 1135.

Here, the Petition contains a combination of exhausted and unexhausted claims. See Dkt. 1 at 3-7. However, Petitioner has not requested a stay under Rhines or Kelly.

**IT THEREFORE IS ORDERED** that within twenty-eight (28) days of the date of this Order, Petitioner shall do one of the following: (1) file additional documents to demonstrate that he has exhausted all claims contained in the Petition; (2) request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under 28 U.S.C. § 2244(d)(1); or (3) file a formal motion for stay-and-abeyance under Rhines or Kelly.