UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JUAN T. TYLER, <br><br> Petitioner, <br><br> v. <br><br> LUIS MARTINEZ, Warden, <br><br> Respondent. | No. CV 22-08250-FMO (DFM) <br><br> Order Accepting Report and Recommendation of United States Magistrate Judge |

Under 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made.

The Report and Recommendation ("Report") recommends denial of the Petition and dismissal of this action with prejudice. (ECF No. 24.) On February 26, 2024, Petitioner's retained counsel filed Objections to the Report. (ECF No. 27.) As discussed below, the Objections do not warrant a change to the Report's findings or recommendation.

For Grounds One to Four, Petitioner objects that federal review should be *de novo* because the Los Angeles County Superior Court rejected the claims on procedural grounds rather than on the merits. (ECF No. 27 at 13-16.) The

Superior Court rejected Grounds One to Four because Petitioner had failed to show a prima facie case for relief, citing *People v. Duvall*, 9 Cal. 4th 464, 474 (1995). (Lodged Document 11.) Contrary to Petitioner's argument, this was an adjudication on the merits. *See Seeboth v. Allenby*, 789 F.3d 1099, 1103 (9th Cir. 2015) (pin citation to *Duvall* discussing the "substantive requirements for habeas petitioners," "including the requirement to plead facts sufficient to state a claim" was an adjudication on the merits); *see also Montiel v. Chappell*, 43 F.4th 942, 956-57 (9th Cir. 2022) (state court's denial because "no prima facie case for relief is stated" was an adjudication on the merits) (citing *Cullen v. Pinholster*, 563 U.S. 170, 187-88 (2011)). Thus, Grounds One to Four are reviewed under the Antiterrorism and Effective Death Penalty Act.

For Ground One, Petitioner objects that the evidence was insufficient to prove premeditation and deliberation for his attempted murder conviction. (ECF No. 27 at 17-23.) However, as the Report found in extensive detail, the evidence at trial demonstrated planning, motive, manner of attempted killing, and ample time to premeditate and deliberate. (ECF No. 24 at 8-10.) Despite these findings, Petitioner argues that he brought the gun to the incident only for protection; that the victim had hit Petitioner's brother in the face; that he lacked motive to shoot the victim; and that he shot the victim only because the victim was attacking Petitioner's brother. (ECF No. 27 at 19-23.) These arguments were comprehensively addressed by the Report, which correctly concluded that Petitioner's arguments amount "to nothing more than an invitation to reweigh the evidence at trial and intrude on the jury's exclusive province to resolve conflicts in the evidence." (ECF No. 24 at 10.)

For Ground Two, Petitioner objects that the trial court erred by failing to instruct the jury with the lesser-included offense of attempted voluntary manslaughter, based on a theory of imperfect defense of others. (ECF No. 27 at 23-28.) However, as the Report correctly found, even assuming such a

claim is cognizable, Petitioner was not entitled to the instruction because his defense at trial was misidentification, not defense of others. (ECF No. 24 at 16-17 (citing *Morris v. Madden*, 2023 WL 4688154, at *25-*26 (C.D. Cal. June 2, 2023).) The objection does not address this critical finding.

For Ground Three, Petitioner objects that the prosecutor committed misconduct during closing arguments, in several instances. (ECF No. 27 at 28-35.) This objection does not meaningfully challenge the several findings made in the Report. Petitioner's objection that the prosecutor vouched for witnesses does not address the Report's finding that the prosecutor made permissible arguments about the evidence, rather than vouch for any witness. (ECF No. 24 at 26-27.) Petitioner's objection that the prosecutor violated the "Golden Rule," by asking the jurors to imagine the victim's point of view, does not address the Report's finding that the comment, even assuming it was improper, was only an isolated moment during a lengthy closing argument. (*Id*. at 29.) Petitioner's objection that the prosecutor argued the defense had conceded guilt does not address the Report's finding that the prosecutor had made no such concession but, rather, had acknowledged Petitioner's defense of mistaken identity. (*Id*. at 30.) Petitioner's objection that the prosecutor lowered the burden of proof does not address the Report's finding that the prosecutor accurately stated the reasonable doubt standard, by quoting it and emphasizing its significance. (*Id*. at 32-33.)

For Grounds One to Three, Petitioner objects that his trial and appellate counsel were ineffective for failing to raise these grounds as issues during trial or appeal. (ECF No. 27 at 35-39.) Because Grounds One to Three are meritless, counsel could not have been ineffective for failing to raise them as issues. (ECF No. 24 at 35-38 (citing *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985).)

For Ground Four, Petitioner objects that the cumulative effect of the errors from Grounds One to Three deprived him of due process and a fair trial. (ECF No. 27 at 40.) This objection does not address the Report's finding that there was no error to accumulate. (ECF No. 24 at 38 (citing *Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002), *overruled on other ground as recognized by United States v. Chandler*, 658 F. App'x 841, 845 (2016).)

For Ground Five, Petitioner objects that the trial court erred by failing to *sua sponte* instruct the jury on the perfect defense of others as an affirmative defense. (ECF No. 27 at 40-46.) However, the California Court of Appeal, in a reasoned decision, determined that the instruction was not warranted because there was no evidence that Petitioner actually believed his brother was in imminent danger of death or great bodily injury. (Lodged Document 8 at 4-5.) Petitioner's objection does not address the Report's finding that the Court is bound by the California Court of Appeal's determination. (ECF No. 24 at 15 (citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2006) (*per curiam*).)

The Court accepts the report, findings, and recommendations of the Magistrate Judge.

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

Date: March 25, 2024                            _____/s/_____
                                                FERNANDO M. OLGUIN
                                                United States District Judge